**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| SAMHITA DAS | : | CASE NO. |
| | : | |
| VS. | : | |
| | : | |
| CONSOLIDATED SCHOOL DISTRICT | : | |
| OF NEW BRITAIN, CITY OF NEW | : | MAY 12, 2006 |
| BRITAIN, MARK FERNANDES, and | : | |
| JAMES COLLIN | : | |

**COMPLAINT**

**I.  JURISDICTION AND VENUE**

1. This case and controversy is based on a federal question arising pursuant to (a) 28 U.S.C. §1331, in that it raises questions of discrimination and hostile work environment under (i) 42 U.S.C. § 1983 and §1985, (ii) 42 U. S. C. § 2000e et seq. (Title VII of the 1964 Omnibus Civil Rights Act); and (b) pendant jurisdiction of the U. S. District Courts, arising pursuant to 28 U. S. C. § 1331 and Article III, § 2 of the United States Constitution as to state claims.

2. Venue is proper in the District of Connecticut, pursuant to 28 U.S.C. § 1391(b). All parties are residents thereof and all actions occurred or had their effects in such District. Plaintiff has filed timely charges with the Connecticut Commission on Human Rights and Opportunities and with the U.S. Equal Employment Opportunity Commission, and has thereafter requested and received a release of jurisdiction from the Equal Employment Opportunity Commission.

**II.    PARTIES**

3.    Plaintiff SAMHITA DAS is an individual citizen resident in the Town of Simsbury, County of Hartford, and State of Connecticut, who has been continuously employed by the Consolidated School District of New Britain since September, 2002.

4.    Defendant Consolidated School District of New Britain was at all times relevant herein an agency on acting as the agent of the City of New Britain for all matters pertaining to education in the City of New Britain and was the employer of Plaintiff Samhita Das.

5.    Defendant City of New Britain was at all times a municipality within the State of Connecticut and the employer of Plaintiff and acted by and through the Consolidated School District of New Britain, an agency of said municipality.

6.    Defendant James Collin is an employee of the Defendant Consolidated School Board of New Britain, is a caucasian male and resides in the District of Connecticut.

7.    Defendant Mark Fernandes is an employee of the Defendant Consolidated School Board of New Britain, is an Hispanic male and resides in the District of Connecticut.

**III.   FACTS**

8.    Ms. Das was born in Calcutta, India, and was born on July 20, 1950.  She is over 40 years of age.

9.    She is an experienced mathematics teacher with more than 20 years of experience, most of it at the middle school level.

10.    Ms. Das began working for the Defendants in September, 2002, as a teacher in the mathematics department at Slade Middle School.

11. She received no complaints about her performance for the school years 2002-2003 and 2003-2004 and had every reason to believe that her work was well regarded. Evaluations were all satisfactory.

12. In June, 2004, a student surreptitiously playing a game of holding her breath so as not to be noticed by school personnel fainted in her class. She contacted the student's parent who was thankful for the contact and no complaint about her.

13. Dr. Collin, the principal of the school, however, held her responsible for the incident even though it was not possible for her to have known what was happening. Similar instances of this game occurred in classes of other teachers, who were white, and they were not blamed as she was. This was known to Dr. Collin when he took the action described below. Mr. Collin also humiliated her by repeatedly undermining her authority with students.

14. Dr. Collin later indicated that her contract would not be renewed.

15. Ms. Das was thereafter offered, in lieu of termination, to be transferred to New Britain High School to teach bilingual mathematics, a position she would not have accepted were it not for the threat of termination. She took it to avoid the virtually insurmountable problem of seeking employment as a teacher after termination from a teaching position.

16. The principal of New Britain High School was Dr. Thomas Reale, and Mark Fernandes, the associate principal, was Ms. Das' immediate supervisor. Ms. Das was the only employee at New Britain High School from India or ethnically Indian.

17. At New Britain High School, she was not assigned a classroom. To the best of her knowledge, all of the other permanent teaching staff had classrooms. Certainly, no other teachers were floating for all of their classes. Ms. Das was forced to carry all of her teaching materials for

the day with her from room to room and on separate floors.

18. Shortly after the fall semester started, a classroom became available when a teacher left. Instead of assigning it to Ms. Das, it was assigned to an employee with considerably less seniority. The employee was a younger white woman who was an intern.

19. In October, 2004, after breaking several toe bones in an accident and returning to work with a temporary brace, Ms. Das sought accommodation for her condition (working in classrooms on one floor) and was denied it. No attempt at all was made to accommodate her condition. The failure to accommodate resulted in pain and injury to Ms. Das' cervical spine.

20. In February, 2005, Mr. Fernandes met with Ms. Das and told her (a) that her performance was unsatisfactory, though there had been no supervised classroom visits by an administrator to support that conclusion, a necessary requirement for an unsatisfactory evaluation, and (b) that two complaints were made about her by parents. He refused to identify the parents, refused to allow her to speak or otherwise defend herself against these complaints.

21. Shortly thereafter, in the same month, Mr. Fernandes met with Ms. Das and told her that she would be terminated at the end of the school year. She was not allowed to leave the room until she signed paperwork regarding the non-renewal. She was not allowed to speak with the school principal or any other person. The conditions under which this meeting took place were extremely threatening from the point of view of Ms. Das. Ms. Das acted under duress.

22. On February 27, 2005, very shortly after that meeting, Ms. Das submitted a resignation citing health reasons for the resignation. She was still acting under the extreme pressure and duress of that meeting and was further acting in utter fear of the unlikelihood of finding employment as a teacher after being terminated.

the day with her from room to room and on separate floors.

18. Shortly after the fall semester started, a classroom became available when a teacher left. Instead of assigning it to Ms. Das, it was assigned to an employee with considerably less seniority. The employee was a younger white woman who was an intern.

19. In October, 2004, after breaking several toe bones in an accident and returning to work with a temporary brace, Ms. Das sought accommodation for her condition (working in classrooms on one floor) and was denied it. No attempt at all was made to accommodate her condition. The failure to accommodate resulted in pain and injury to Ms. Das' cervical spine.

20. In February, 2005, Mr. Fernandes met with Ms. Das and told her (a) that her performance was unsatisfactory, though there had been no supervised classroom visits by an administrator to support that conclusion, a necessary requirement for an unsatisfactory evaluation, and (b) that two complaints were made about her by parents. He refused to identify the parents, refused to allow her to speak or otherwise defend herself against these complaints.

21. Shortly thereafter, in the same month, Mr. Fernandes met with Ms. Das and told her that she would be terminated at the end of the school year. She was not allowed to leave the room until she signed paperwork regarding the non-renewal. She was not allowed to speak with the school principal or any other person. The conditions under which this meeting took place were extremely threatening from the point of view of Ms. Das. Ms. Das acted under duress.

22. On February 27, 2005, very shortly after that meeting, Ms. Das submitted a resignation citing health reasons for the resignation. She was still acting under the extreme pressure and duress of that meeting and was further acting in utter fear of the unlikelihood of finding employment as a teacher after being terminated.

23. Thereafter, Ms. Das learned that two or three minority parents had pressured Mr. Fernandes to get rid of her. On information and belief, this was done on the basis of race and ethnicity. Mr. Fernandes accommodated the wish of said parents to have an Hispanic or black teacher teaching an Hispanic bilingual mathematics class. Ms. Das was sacrificed.

24. Ms. Das further learned that when these parents complained to the school, no inquiry was made about the validity of the complaints and statements were made to the parents accepting the truth of the allegations.

25. Upon learning of these facts, Ms. Das attempted to withdraw her resignation as having been wrongfully obtained in violation of her rights, but the Defendant School Board, refused to consider her withdrawal of resignation even though the information was made known to Thomass Reale, the high school principal.

**IV.    CAUSES OF ACTION**

**FIRST COUNT:** (42 USC § 1983 AS TO JAMES COLLIN)

26. The allegations of Paragraphs 8 through 25 are reasserted here as if more fully set forth herein.

27. At all times relevant hereto, plaintiff was a person within the meaning of 42 U.S.C.§ 1983.

28. At all times relevant hereto, Defendant Collin was a person within the meaning of 42 U.S.C.§ 1983.

29. Defendant Collin acted under the color of law in threatening to terminate Ms. Das.

30. Defendant Collin acted out of racial animosity, finding fault, in June 2004, with an

incident in the classroom of Ms. Das, where he would not and did not find fault with a Caucasian teacher or teachers for similar incidents.

31. During the term of her employment at Slade Middle School, plaintiff was qualified and performed all tasks of her position consistent with the job requirements.

32. During the term of her employment, Defendant Collin subjected plaintiff to disparate treatment, due to plaintiff's race and ethnic origin, in violation of the 14th Amendment to the United States Constitution and 42 U.S.C. § 1983.

33. As a direct and proximate result of defendants' conduct, plaintiff suffered and continues to suffer damages.

34. Without limiting the generality of the foregoing, Ms. Das suffered an adverse job action as a result, being a termination aborted by other persons, and being placed in an inferior working environment where she was required to teach a bilingual mathematics class and submit to further racial discrimination and indignation.

**SECOND COUNT:** (42 USC § 1983 AS TO MARK FERNANDES)

35. The allegations of Paragraphs 8 through 25 are reasserted here as if more fully set forth herein.

36. At all times relevant hereto, plaintiff was a person within the meaning of 42 U.S.C.§ 1983.

37. At all times relevant hereto, Defendant Fernandes was a person within the meaning of 42 U.S.C.§ 1983.

38. Defendant Fernandes acted under the color of law in threatening to terminate Ms. Das.

39. Defendant Fernandes acted out of racial animosity, from September 2004 to February 2005, deliberately forcing her to accept working conditions inferior to those of other teachers, refusing to accommodate an injury, accepting and acting upon complaints known to be racially motivated, refusing to allow Plaintiff to defend herself against said complaints, and using extreme pressure and overt duress to achiever her termination from the high school so that a teacher ethnically acceptable to parents could be hired.

40. During the term of her employment at New Britain High School, plaintiff was qualified and performed all tasks of her position consistent with the job requirements.

41. During the term of her employment, Defendant Fernandes subjected plaintiff to disparate treatment, due to plaintiff's race and ethnic origin, in violation of the 14th Amendment to the United States Constitution and 42 U.S.C. § 1983.

42. As a direct and proximate result of defendants' conduct, plaintiff suffered and continues to suffer damages.

43. Without limiting the generality of the foregoing, Ms. Das suffered an adverse job action as a result, being a termination of her position and forced resignation in the hope of preserving some future employability as a teacher.

**THIRD COUNT:** (42 USC § 1983 AS TO CONSOLIDATED SCHOOL BOARD OF NEW BRITAIN)

44. The allegations of Paragraphs 8 through 25 are reasserted here as if more fully set forth herein.

45. At all times relevant hereto, plaintiff was a person within the meaning of 42 U.S.C.§

1983.

46.     At all times relevant hereto, Defendant School Board was a person within the meaning of 42 U.S.C.§ 1983 and was the employer of Plaintiff.

47.     Defendant School Board acted under the color of law in all its dealings with Ms. Das.

48.     Defendant School Board acted, through its principals and associate principals, with intent, and out of racial animosity, finding fault, in June 2004 at Slade Middle School, with an incident in the classroom of Ms. Das, where no fault was found with a Caucasian teacher or teachers for similar incidents, and later, from September 2004 to February 2005, at New Britain High School, deliberately forcing her to accept working conditions inferior to those of other teachers, refusing to accommodate an injury, accepting and acting upon complaints known to be racially motivated, refusing to allow Plaintiff to defend herself against said complaints, and using extreme pressure and overt duress to achiever her termination from the high school so that a teacher ethnically acceptable to parents could be hired.

49.     During the term of her employment at Slade Middle School and New Britain High School, plaintiff was qualified and performed all tasks of her position consistent with the job requirements.

50.     During the term of her employment, Defendant School Board subjected plaintiff to disparate treatment, due to plaintiff's race and ethnic origin, in violation of the 14th Amendment to the United States Constitution and 42 U.S.C. § 1983.

51.     As a direct and proximate result of defendants' conduct, plaintiff suffered and continues to suffer damages.

52.     Without limiting the generality of the foregoing, Ms. Das suffered an adverse job

action as a result, being first an adverse transfer, suffering inferior and discriminatory working conditions, leading finally to a termination of her position and forced resignation in the hope of preserving some future employability as a teacher.

**FOURTH COUNT:** (42 USC § 1983 AS TO THE CITY OF NEW BRITAIN)

53. The allegations of Paragraphs 8 through 25 are reasserted here as if more fully set forth herein.

54. At all times relevant hereto, plaintiff was a person within the meaning of 42 U.S.C.§ 1983.

55. At all times relevant hereto, Defendant City of New Britain was a person within the meaning of 42 U.S.C.§ 1983.

56. Defendant City of New Britain acted under the color of law in all its dealings with Ms. Das.

57. Defendant City of New Britain acted, through its Consolidated School Board, and the principals and associate principals appointed by its agency, and acted with intent, and out of racial animosity, finding fault, in June 2004 at Slade Middle School, with an incident in the classroom of Ms. Das, where no fault was found with a Caucasian teacher or teachers for similar incidents, and later, from September 2004 to February 2005, at New Britain High School, deliberately forcing her to accept working conditions inferior to those of other teachers, refusing to accommodate an injury, accepting and acting upon complaints known to be racially motivated, refusing to allow Plaintiff to defend herself against said complaints, and using extreme pressure and overt duress to achiever her termination from the high school so that a teacher ethnically acceptable

to parents could be hired.

58. During the term of her employment at Slade Middle School and New Britain High School, plaintiff was qualified and performed all tasks of her position consistent with the job requirements.

59. During the term of her employment, Defendant City of New Britain subjected plaintiff to disparate treatment, due to plaintiff's race and ethnic origin, in violation of the 14th Amendment to the United States Constitution and 42 U.S.C. § 1983.

60. As a direct and proximate result of defendants' conduct, plaintiff suffered and continues to suffer damages.

61. Without limiting the generality of the foregoing, Ms. Das suffered an adverse job action as a result, being first an adverse transfer, suffering inferior and discriminatory working conditions, leading finally to a termination of her position and forced resignation in the hope of preserving some future employability as a teacher.

**FIFTH COUNT**: (42 U. S. C. § 2000e et seq.  AS TO CONSOLIDATED SCHOOL BOARD OF NEW BRITAIN)

62. The allegations of Paragraphs 8 through 25 are reasserted here as if more fully set forth herein.

63. At all times relevant hereto, plaintiff was a person employed by Defendant School Board.

64. Defendant School Board acted, through its principals and associate principals, with intent, and out of racial animosity, finding fault, in June 2004 at Slade Middle School, with an

incident in the classroom of Ms. Das, where no fault was found with a Caucasian teacher or teachers for similar incidents, and later, from September 2004 to February 2005, at New Britain High School, deliberately forcing her to accept working conditions inferior to those of other teachers, refusing to accommodate an injury, accepting and acting upon complaints known to be racially motivated, refusing to allow Plaintiff to defend herself against said complaints, and using extreme pressure and overt duress to achiever her termination from the high school so that a teacher ethnically acceptable to parents could be hired.

65. During the term of her employment at Slade Middle School and New Britain High School, plaintiff was qualified and performed all tasks of her position consistent with the job requirements.

66. During the term of her employment, Defendant School Board subjected plaintiff to disparate treatment, due to plaintiff's race and ethnic origin, in violation of the provisions of 42 U.S.C. § 2000e et seq..

67. The acts, practices and treatments of the defendants intentionally subjected plaintiff to discrimination on the basis of her race, ethnic origin, age and gender in violation of the rights secured by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq..

68. Plaintiff has suffered compensable loss as a result of the violation by defendants, including loss of civil rights, economic losses in the form of back pay, seniority, pension and benefits related to her employment.

69. As a direct and proximate result of defendants' conduct, plaintiff suffered and continues to suffer damages.

70. Without limiting the generality of the foregoing, Ms. Das suffered an adverse job

action as a result, being first an adverse transfer, suffering inferior and discriminatory working conditions, leading finally to a termination of her position and forced resignation in the hope of preserving some future employability as a teacher.

**SIXTH COUNT**: (42 U. S. C. § 2000e et seq.  AS TO THE CITY OF NEW BRITAIN)

71. The allegations of Paragraphs 8 through 25 are reasserted here as if more fully set forth herein.

72. At all times relevant hereto, plaintiff was a person employed by Defendant City of New Britain acting by and through its School Board.

73. Defendant City of New Britain acted, through its principals and associate principals, with intent, and out of racial animosity, finding fault, in June 2004 at Slade Middle School, with an incident in the classroom of Ms. Das, where no fault was found with a Caucasian teacher or teachers for similar incidents, and later, from September 2004 to February 2005, at New Britain High School, deliberately forcing her to accept working conditions inferior to those of other teachers, refusing to accommodate an injury, accepting and acting upon complaints known to be racially motivated, refusing to allow Plaintiff to defend herself against said complaints, and using extreme pressure and overt duress to achiever her termination from the high school so that a teacher ethnically acceptable to parents could be hired.

74. During the term of her employment at Slade Middle School and New Britain High School, plaintiff was qualified and performed all tasks of her position consistent with the job requirements.

75. During the term of her employment, Defendant City acting through its School Board

subjected plaintiff to disparate treatment, due to plaintiff's race and ethnic origin, in violation of the provisions of 42 U.S.C. § 2000e et seq..

76. The acts, practices and treatments of the defendants intentionally subjected plaintiff to discrimination on the basis of her race, ethnic origin, age and gender in violation of the rights secured by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq..

77. Plaintiff has suffered compensable loss as a result of the violation by defendants, including loss of civil rights, economic losses in the form of back pay, seniority, pension and benefits related to her employment.

78. As a direct and proximate result of defendants' conduct, plaintiff suffered and continues to suffer damages.

79. Without limiting the generality of the foregoing, Ms. Das suffered an adverse job action as a result, being first an adverse transfer, suffering inferior and discriminatory working conditions, leading finally to a termination of her position and forced resignation in the hope of preserving some future employability as a teacher.

**SEVENTH COUNT**: (42 U. S. C. § 2000e et seq.  Hostile Work Environment AS TO CONSOLIDATED SCHOOL BOARD OF NEW BRITAIN)

80. The allegations of Paragraphs 8 through 25 are reasserted here as if more fully set forth herein.

81. At all times relevant hereto, plaintiff was a person employed by Defendant School Board.

82. Defendant School Board acted, through its principals and associate principals, created

or allowed to exist a hostile work environment wherein Plaintiff as a person of Indian origin was subjected to varied and continuous mistreatment, that affected the conditions and terms of her employment.

83. Such acts, practices and treatments of the defendants intentionally subjected plaintiff to discrimination on the basis of her race, ethnic origin, age and gender in violation of the rights secured by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq..

84. Plaintiff has suffered compensable loss as a result of the violation by defendants, including loss of civil rights, economic losses in the form of back pay, seniority, pension and benefits related to her employment.

85. As a direct and proximate result of defendants' conduct, plaintiff suffered and continues to suffer damages.

**EIGHTH COUNT**: (42 U. S. C. § 2000e et seq. Hostile Work Environment as to the City of New Britain)

86. The allegations of Paragraphs 8 through 25 are reasserted here as if more fully set forth herein.

87. At all times relevant hereto, plaintiff was a person employed by the City of New Britain through its Defendant School Board.

88. Defendant City acted at all times through its School Board and its principals and associate principals, created or allowed to exist a hostile work environment wherein Plaintiff as a person of Indian origin was subjected to varied and continuous mistreatment, that affected the conditions and terms of her employment.

89. Such acts, practices and treatments of the defendants intentionally subjected plaintiff to discrimination on the basis of her race, ethnic origin, age and gender in violation of the rights secured by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq..

90. Plaintiff has suffered compensable loss as a result of the violation by defendants, including loss of civil rights, economic losses in the form of back pay, seniority, pension and benefits related to her employment.

91. As a direct and proximate result of defendants' conduct, plaintiff suffered and continues to suffer damages.

**NINTH COUNT** (AS TO ALL DEFENDANTS  NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

92. The allegations of Paragraphs 8 through 25 are reasserted here as if more fully set forth herein.

93. Defendants knew or reasonably should have known that their conduct as aforesaid involved an unreasonable risk of causing distress to the plaintiff.

94. At all times relevant hereto, the defendants knew or reasonably should have known that theaforesaid distress might result in illness or bodily harm to plaintiff.

95. As a proximate cause of defendants' conduct as aforesaid, plaintiff has suffered damages.

**TENTH COUNT** (AS TO DEFENDANTS FERNANDES - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

96. The allegations of Paragraphs 8 through 25 are reasserted here as if more fully set forth herein.

97. At all times relevant hereto, defendants Fernandes was a natural person who resident of Connecticut.

98. . Said defendant intended to inflict emotional distress, or knew or should have known that emotional distress was likely to result from his conduct as aforesaid.

99. Defendant acted maliciously, in bad faith, with improper motive and with reckless disregard for the consequences that his actions would have on plaintiff.

100. Defendants' conduct was extreme and outrageous.

101. Defendant's conduct aforesaid was the proximate cause of the plaintiff's emotional distress.

102. The emotional trauma sustained by plaintiff was severe causing plaintiff to suffer great

anxiety, humiliation, embarrassment and emotional distress.

103. As a proximate cause of defendants' conduct as aforesaid, plaintiff has suffered damages.

**V.     REQUEST FOR RELIEF**

WHEREFORE, the plaintiff prays for the following relief:

1. Compensatory Damages;

   2. Punitive damages;

   3. Statutory Damages;

   4. Equitable Remedies;

   3. Reasonable attorneys fees, costs and interest pursuant to 42 U.S.C. §1988 and 42

USC 2003e et seq.; and

   4. Such other relief as the court deems just and appropriate.


## VI. JURY DEMAND

  Plaintiff hereby demand a trial by jury.


              PLAINTIFF
              SAMHITA DAS


            By_____
              Francis A. Miniter
              Miniter & Associates
              100 Wells Street, Suite 1D
              Hartford, CT 06103
              860-560-2590 phone
              860-560-3238 fax
              Juris No. 308021

Please enter the appearance for Plaintiff of:

Francis A. Miniter, ct09566
Miniter & Associates
100 Wells Street, Suite 1D
Hartford, CT 06103
860-560-2590 - phone
860-560-3238 - fax
miniter@attglobal.net